Filed 3/20/24  P. v. Muro CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>JOSEPH BRENT MURO,<br><br>   Defendant and Appellant. | G062539<br><br>(Super. Ct. No. 99CF1258)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　\*　　　\*

In 1999, an inmate of the Orange County Central Men's Jail, Joseph Brent Muro, slashed another inmate's throat. A jury convicted Muro of premeditated attempted murder resulting in great bodily injury; the trial court sentenced him to a total term of 39 years to life in state prison. We affirmed his conviction in 2004. (*People v. Muro* (June 10, 2004, G032235) [nonpub. opn.].)

In 2023, Muro filed a petition for resentencing under Penal Code[1] section 1172.6, asserting he could not presently be convicted of attempted murder under sections 188 and 189, which were amended in 2019 to limit the scope of the traditional felony-murder rule and eliminate the natural and probable consequences theory for murder. The trial court denied his petition, and Muro filed his notice of appeal.

We appointed counsel to represent Muro on appeal. Counsel reviewed his petition for resentencing and the appellate record, consulted with staff counsel at Appellate Defenders, Inc., and found no arguable issues; she filed a brief pursuant to the traditional procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and consistent with *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against her client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record, which we have done. Counsel also advised Muro of his right to file his own written argument; he has not done so.

Though we are not required to do so in postjudgment appeals, we have exercised our discretion to review the record. (*Delgadillo, supra,* 14 Cal.5th at p. 232.) Like counsel, we have been unable to find any arguable appellate issue. We therefore affirm.

---

[1] All statutory references are to the Penal Code.

## FACTS

As detailed in our prior opinion, while an inmate of the Central Men's Jail, Muro slashed another inmate's throat. A jury convicted Muro of premeditated attempted murder resulting in great bodily injury, and the trial court sentenced him to a total term of 39 years to life in state prison.

In 2023, Muro filed a petition for resentencing under section 1172.6. The People opposed Muro's petition; they argued Muro was ineligible for resentencing because the record of conviction demonstrated he was convicted of attempted murder as the actual perpetrator rather than under a theory of imputed malice. In support of their position, the People relied on the jury instructions, the jury finding the great bodily injury and weapon enhancements true, and the finding the crime was committed willfully, deliberately, and with premeditation. The People also noted Muro was the only perpetrator charged with the crime. The trial court denied Muro's petition.

## DISCUSSION

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which limited the scope of the felony-murder rule and eliminated natural and probable consequences liability for murder as it applies to aiding and abetting. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The bill's stated purpose was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

The Legislature later passed Senate Bill No. 775 (2021-2022 Reg. Sess.), which extended these changes to attempted murder and manslaughter, such that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder [or] the natural probable consequences doctrine are permitted the same relief as

those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

As a result of these amendments, a defendant can no longer be convicted of attempted murder under the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) However, the direct perpetrator of an attempted murder and the direct aider and abettor of attempted murder may still be convicted of attempted murder and are ineligible for resentencing as a matter of law. (*Ibid.*; *People v. Patton* (2023) 89 Cal.App.5th 649, 657.)

Individuals who were convicted under the former laws governing murder and attempted murder may seek resentencing or to have their convictions vacated if their conduct did not constitute murder or attempted murder as redefined under current law. (§ 1172.6; *Lewis, supra,* 11 Cal.5th at pp. 957, 959.) If a petitioner makes a prima facie showing, the trial court is required to issue an order to show cause. (§ 1172.6, subd. (c); see *id.*, subd. (d) [describing requirements for evidentiary hearing].)

Muro filed a resentencing petition pursuant to section 1172.6, and the trial court found he was ineligible for relief as a matter of law. Based "solely [on its review of] the jury instructions and verdict forms," the court reasoned there was "no showing of a *prima facie* case that petitioner was convicted under any now-void legal theory of [a]ttempted [m]urder. [¶] Relating to the count of [a]ttempted [m]urder, the jury was instructed solely on the crime of '[a]ttempted [m]urder' [citation]. The only theory of guilt upon which the jury was instructed required a finding of 'specific intent to kill' on the part of the petitioner. The instructions given to the jury included no vicarious theory of guilt. Therefore, he was convicted under a still-viable definition of [a]ttempted [m]urder."

We agree with the trial court's analysis. Because the record of conviction irrefutably establishes Muro was convicted as the sole and direct perpetrator of attempted murder, his conviction survives the amendments to sections 188 and 189. Further, in

4

exercising our discretion under *Delgadillo, supra*, 14 Cal.5th 216 to review the entire record in this case, we have found no arguable appellate issues.

**DISPOSITION**

The postjudgment order is affirmed.



GOETHALS, ACTING P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.